**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

Tyrone Brooks,

          Plaintiff,

v.

Equifax Information Services, LLC;
Atlanticus Holdings Corp., d/b/a Tribute; and,
North Georgia Regional Collection Agency, Inc.,

          Defendants.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1.    This action for damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to ensure maximum possible accuracy of information, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2.    Plaintiff, Tyrone Brooks, is natural person who resides in Whitfield County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3.    Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

4.    Defendant, Atlanticus Holdings Corp., d/b/a Tribute (hereinafter "Tribute") does business in Georgia and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

5.      Defendant, North Georgia Regional Collection Agency, Inc, (hereinafter "NGRC") does business in Georgia and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6.      Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331.  Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7.      Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8.      On October 11, 2010, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 10-44023. Plaintiff received a discharge of his debts by Order of that Court dated March 13, 2015.

9.      Among the debts discharged was a debt owing to Tribute, as well as several debts owing to NGRC.

10.     On or about April 20, 2015 Plaintiff obtained a copy of his consumer report as published by Equifax (hereinafter the "Report").

11.     The Report contained erroneous information as provided by Tribute and published and reported by Equifax.  Specifically, Defendants Tribute and Equifax reported that Plaintiff owed a balance of $1,740, that said balance was past due, and that the account status was "Charge-Off."

12.     The information described above was both false and misleading.

2

13. While the automatic stay was in effect during the Plaintiff's bankruptcy, it was illegal for Defendant Tribute to report any post-bankruptcy derogatory collection information.

14. Defendant did not, during the pendency of the Plaintiff's bankruptcy case, obtain relief from the automatic stay for the purpose of continuing collection efforts by reporting post-filing derogatory collection information.

15. The Report also contained erroneous information as provided by NGRC and published and reported by Equifax.  Specifically, Defendants NGRC and Equifax reported that Plaintiff owed a balance of $118.

16. The information described above was both false and misleading.

17. On the Equifax Report, the tradeline associated with the account being collected by Defendant NGRC states on its face that NGRC is collecting on an account related to medical treatment and services, and clearly identifies the medical service provider.

18. In its report to Equifax, Defendant NGRC advised Defendant Equifax that it was collecting on a medical services account and was thus a medical information furnisher.

19. The alleged debt being collected by Defendant NGRC was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Defendant NGRC's reporting of the alleged debt to Defendant Equifax was done in furtherance of NGRC's attempts to collect said debt.

21. Plaintiff disputed the Tribute and NGRC tradeline information appearing on the Equifax Report via a letter, dated April 27, 2015, mailed to Equifax per the requirements of 15 U.S.C. § 1681i.   Plaintiff also sent a copy of the dispute letter directly to Tribute and NGRC.

22.     Upon information and belief, Defendant Equifax timely notified Defendant Tribute and Defendant NGRC of the Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

23.     Thereafter, Plaintiff received from Defendant Equifax a "reinvestigation report" dated May 24, 2015. A true and correct copy of the relevant pages of this report is attached as Exhibit A.

24.     This reinvestigation report shows that, despite receiving actual notice of Plaintiff's dispute from Equifax, and Plaintiff, Defendant Tribute failed to acknowledge and report that the alleged debt was disputed by Plaintiff, as required by 15 U.S.C § 1681s-2(a)(3). Further, Tribute continued to report that Plaintiff owed a past due balance of $1,740.

25.     The reinvestigation report also shows that, despite receiving actual notice of Plaintiff's dispute from Equifax, and Plaintiff, Defendant NGRC failed to acknowledge and report that an alleged debt was disputed by Plaintiff, as required by 15 U.S.C § 1681s-2(a)(3), and NGRC continued to report that Plaintiff owed a past due balance of $118.  The reinvestigation report also persisted in specifically identifying the medical service provider in the NGRC tradeline.

26.     Defendant Tribute is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

27.     Defendant NGRC is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

28.     Defendant Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their database.

4

29.     Each Defendant had an affirmative duty to independently investigate the disputes submitted by Plaintiff, and to accurately report the trade-line information notwithstanding the information it received from a co-defendant.

30.     Each and all of the Defendants, independently and jointly, breached their duties as described above.

31.     Due to Defendant Equifax's, Defendant Tribute's, and Defendant NGRC's respective failures to follow reasonable procedures to assure maximum possible accuracy of information and to conduct reasonable investigations of Plaintiff's disputes, the false and misleading information on Plaintiff's consumer report was not appropriately modified or deleted.

32.     Due to Defendant Equifax's and Defendant NGRC's respective failures to follow reasonable procedures to assure maximum possible accuracy and to conduct reasonable investigations of Plaintiff's disputes, the private, protected medical information on Plaintiff's consumer report was also not appropriately modified or deleted.

33.     As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

34.     Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,

**15 U.S.C. § 1681s-2(b)**
**(Atlanticus Holdings Corp., d/b/a Tribute)**

35.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

36.   Defendant Tribute willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

37.   As a result of Defendant Tribute's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

38.   Defendant Tribute's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

39.   Plaintiff is entitled to recover costs and attorney's fees from Defendant Tribute pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,**
**11 U.S.C. § 524(a)(2)**
**(Atlanticus Holdings Corp., d/b/a Tribute)**

40.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41.     Defendant Tribute willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

42.     After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Defendant Tribute not only refused but re-reported the false information to Defendant Equifax.

43.     Defendant Tribute's actions and omissions were willful, rendering it liable for civil contempt sanctions.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### (North Georgia Regional Collection Agency, Inc.)

44.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45.     Defendant NGRC willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

46.     As a result of NGRC's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

47.     Defendant NGRC's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

48.     Plaintiff is entitled to recover costs and attorney's fees from Defendant NGRC pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)**
**(North Georgia Regional Collection Agency, Inc.)**

49.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50.     Defendant NGRC's foregoing actions and omissions were in connection with its attempts to collect the alleged debt and, as such, violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

51.     As a result of NGRC's violations of the FDCPA, Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.   Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

52.     Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant NGRC $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT V

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(g)(1)**
**(Equifax Information Services, LLC)**

53.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54.     Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681b(g)(1) by furnishing a consumer report containing information that identified a medical service provider, without Plaintiff's specific written consent, and when such private medical information was not necessary to process or effect an employment or credit transaction.

55.     As a result of Defendant Equifax's violations of 15 U.S.C. § 1681b(g)(1), Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

56.     Defendant Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT VI

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax Information Services, LLC)

58.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59.     Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

60.     Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's disputes, and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

61.     As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation suppression of his credit score, out-of-pocket expenses, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

62.     Defendant Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

63.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against NGRC pursuant to 15 U.S.C. § 1692k;

e.) Reasonable attorney's fees and costs against NGRC pursuant to 15 U.S.C. § 1692k;

f.) Civil contempt sanctions against Tribute; and,

g.) Such other and further relief as may be just and proper.

Respectfully submitted this 31 day of July, 2015.

*/s/ Matthew T. Berry*
Plaintiff's  Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com